Herbert, J.,
dissenting. The majority opinion, setting forth the reasons for denying the applications of the city of Columbus for stay of execution of the order of the Public Utilities Commission of Ohio, fixing new increased rates to be charged by the Columbus & Southern Ohio Electric Company to its consumers in the city of Columbus, or in the alternative to require a bond from the utility conditioned in effect for the repayment of all charges collected in excess of reasonable rates ultimately established, appears to be bottomed on the proposition that there is no statute covering the situation presented here.
In one sense, we do not take issue with that proposition. In another sense, we believe there is sufficient inherent power in this court to require what the city here alternatively requests. Both sides concede that this court has authority to grant a stay under the provisions of Section 4903.16, Revised Code, quoted in the majority opinion. An examination of this statute shows that this court is not confined in its discretion in prescribing the sum to be fixed in the bond undertaking of an appellant. The latter part of the section clearly shows, however, that the conditioning of the bond for repayment of moneys paid in excess *111 of the charges fixed by the order appealed from contemplates only an appeal by a utility from an order reducing rates. As admitted in the majority opinion, this section was designed primarily to apply to a public utility which is dissatisfied with the rates or charges ordered by the commission. There appears to be no comparable statute where a municipality appeals from an order of the commission fixing higher rates.
Under Section 2505.12, Revised Code, the state and political subdivisions are exempted from the requirements of an appeal bond. The electric company here contends that this provision is not applicable to an appeal from an order of the Public Utilities Commission under Section 4903.13, Revised Code. The majority of the court accept this contention as shown in paragraph three of the syllabus and the discussion in the opinion.
Not desiring to belabor the point, I must differ with the majority opinion that Section 4903.16, Revised Code, is exclusively controlling. In my opinion Section 2505.12, Revised Code, should be read in pari materia with Section 4903.16, Revised Code. With such an interpretation, this court could then stay the operation of the order pending final decision, without bond by the appellant or with only a nominal bond.
The majority opinion also disposes of Sections 4903.17, 4903.18 and 4903.19, Revised Code, as being related back to Section 4903.16 and, therefore, of no assistance to the appellant city in what it now seeks. The first sentence of Section 4903. 19, Revised Code, provides as follows:
“Upon the final decision by the Supreme Court upon an. appeal from an order or decision of the Public Utilities Commission, all moneys which the public utility or railroad has collected pending the appeal, in excess of those authorized by such final decision, shall be promptly paid to the corporations or persons entitled to them, in such manner and through such methods of distribution as are prescribed by the court.”
The difficulty of applying the above-quoted sentence to these particular cases lies in the fact that, should the rates authorized by the order appealed from here be ultimately held to be unreasonable and unlawful, this court would not attempt to fix lower rates in its decision but would remand the cause to the commission for that purpose.
*112 All the sections under consideration here (with the exception of Section 2505.12) were originally enacted in 1913 as part of the act to create the Public Utilities Commission of Ohio and have remained in substantially the same form ever since. See 103 Ohio Laws, 804.
If these three sections, 4903.17, 4903.18 and 4903.19, are, as stated in the majority opinion, applicable only to cases instituted under Section 4903.16, then we would have to concur in the conclusion that the statutes are silent as to á method of appeal by a municipality where the Public Utilities Commission has granted increased rates to a utility.
It is the view of the writer, however, that the Legislature never intended to handicap in this manner a municipality seeking to protect its citizens who are consumers of public utility products, and, therefore, the proposal of the city here seems uniquely appropriate to the situation presented. If the provisions of Section 2505.12, Revised Code, are applicable, then a public utility could find itself in the predicament either of facing an order staying execution with a nominal bond fixed within the discretion established in Section 4903.16, Revised Code, or of meeting the alternative which is proposed by the city here, namely, that of filing its bond conditioned to ultimately repay any excesses collected over rates ultimately found to be the lawful rates. Of course, at this stage of the proceeding, no one knows what the ultimate outcome will be as to rates. Should the order of the commission ultimately be found to be reasonable and lawful, there would, of course, be no refund required. But on the other hand, should this court remand the cause to the commission for a readjustment of rates downward, and such lower rates so ordered be ultimately held to be reasonable and lawful, there would apparently be no way by which the consumers who have paid the rates now being collected could.be reimbursed for the interim involved. With the decisions in these cases, the problem of providing appeal procedures adequate to fairly protect all parties affected by an order of the commission now moves to the Legislature for solution.
Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.